

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| U.S. BANK NATIONAL ASSOCIATION as trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2006-AR7 Trust,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPHINE C. BARBARA-RIVAS, an individual; DOES 1 through 6, inclusive,<br><br>Defendants. | CASE NO. 12cv1814 WQH-NLS<br><br>ORDER |
|---|---|

HAYES, Judge:

On March 6, 2012, Plaintiff initiated this case by filing a Complaint for Unlawful Detainer in the Superior Court of California for the County of San Diego, where it was assigned case number 37-2012-00037624-CL-UD-NC. (ECF No. 1-2). The Complaint alleges that Plaintiff is entitled to possession of real property located at 3279 Integrity Way, Fallbrook, California, 92028. The Complaint alleges that Plaintiff served Defendant with written notice requiring her to vacate the property and that Defendant failed to vacate the property. The Complaint asserts a claim for unlawful detainer under California law.

On July 23, 2012, Defendant, proceeding *pro se*, removed the action to this Court. (ECF No. 1). The Notice of Removal alleges that federal question jurisdiction exists because "Defendant filed a demurrer to the Complaint based on defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with the Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]." *Id.* at 2.

On July 31, 2012, Plaintiff filed a Motion to Remand. (ECF No. 3). Plaintiff contends that subject matter jurisdiction does not exist in this case because federal question jurisdiction is not established by the claims in the Complaint. Plaintiff contends that the Complaint does not present a federal question but is grounded solely in state law. To date, Defendant has not filed a response to the Motion to Remand.

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "[T]he defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citation omitted).

The sole basis for federal jurisdiction stated in the Notice of Removal is that Defendants have a defense to the Complaint based upon Plaintiff's alleged failure to comply with a federal statute. However, "the existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne*, 294 F.3d at 1183. The Court finds that the Notice of Removal does not adequately state a basis for federal subject-matter jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject-matter jurisdiction to the Superior Court of California for the County of San Diego, where it was originally filed and assigned case number 37-2012-00037624-CL-UD-NC.

IT IS SO ORDERED.

DATED: 9/11/12

WILLIAM Q. HAYES
United States District Judge